LIPPE v. GRASSI CONTRACTING CO., Inc.

(Supreme Court, Appellate Term, First Department. May 19, 1916.)

EVIDENCE ⬤═588—WEIGHT OF EVIDENCE—CREDIBILITY OF WITNESSES—QUESTION FOR TRIAL COURT.

The trial court has the right to rely upon plaintiff's testimony, and, where the same is disputed by defendant's, to give credence to that of either party.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2437; Dec. Dig. ⬤═588; Witnesses, Cent. Dig. § 1164.]

Appeal from Municipal Court, Borough of The Bronx, Second District.

Action by Vincent S. Lippe against the Grassi Contracting Company, Incorporated. From a judgment for plaintiff, defendant appeals. On reargument. Judgment affirmed.

Reargued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

Maurice J. Dix, of New York City (James A. Donnelly, of New York City, of counsel), for appellant.
Henry S. Dottenheim, of New York City, for respondent.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

GUY, J. This action was brought to recover for services claimed to have been rendered the defendant by the plaintiff, an attorney and counselor at law. The judgment was affirmed from the bench after argument by the respective counsel. The defendant, upon application, and upon a claim that the record could not have been carefully examined, and that such an examination would show that judgment had been improperly awarded to the plaintiff, has been granted a reargument.

The record has been returned to this court from the Municipal Court, and the entire testimony has been thoroughly examined. The claim of the defendant that the plaintiff undertook to represent adverse and conflicting interests, while at the same time representing the defendant, and also that the judgment is against the weight of evidence, is not supported by the record. The court below had the undoubted right to rely upon the testimony of the plaintiff, and, where the same was disputed by that of the defendant, to give credence to that of either party. There were no errors committed that warrant a reversal of the judgment, and we see no reason whatever for changing the conclusion arrived at by us at the conclusion of the argument upon the appeal.

Judgment affirmed, with $25 costs upon appeal, and $10 costs of reargument. All concur.